**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| KERMIT LEE GILLESPIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-CV-0048 ACL |
| | ) | |
| DAVID ANDREW DOLAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Kermit Lee Gillespie, an inmate at the Mississippi County Jail, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has failed to submit a *certified* prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, she must submit a *certified* copy of her prison account statement in support of her claim.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, Kermit Lee Gillespie, filed the instant complaint on or about April 13, 2022, pursuant to 42 U.S.C. § 1983 against the Honorable David Andrew Dolan, Judge in Mississippi County Circuit Court in Mississippi County, Missouri.

Plaintiff asserts that he is "being treated unfairly" in his criminal court case by Judge Dolan due to either "racial discrimination" or a "personal vendetta." He asserts that "he refuses to adjust bond to one plaintiff can afford," and he is punishing plaintiff because he refused an "unreasonable plea offer." Plaintiff also alleges that Judge Dolan has failed to follow the "rule of law."

Although plaintiff has not identified the state court criminal case number relative to the instant complaint, the Court takes judicial notice of his current open case in Mississippi County Court that was previously in front of the Honorable David Andrew Dolan. *See State v. Gillespie*, No. 20MI-CR00009-01 (33rd Judicial Cir., Mississippi County Court). A criminal complaint was filed against plaintiff alleging distribution of a controlled substance on January 15, 2020. *Id.* The criminal complaint stated:

3

…on or about January 2, 2018, in the County of Mississippi, State of Missouri, the defendant knowingly distributed heroin, a controlled substance, knowing that the defendant did so on real property comprising government property. [1]

At the time the criminal complaint was filed, plaintiff was incarcerated in the Missouri Department of Corrections, serving time in the case of *State v. Gillespie*, No 18MI-CR00365-01 (33rd Judicial Circuit, Mississippi County Court). Plaintiff was serving a four-year term of imprisonment on the charge of felony resisting arrest. He was also serving time for revocation of probation in the case of *State v. Gillespie,* No. 15SO-CR01001-01 (33rd Judicial Circuit, Scott County Court). Judge Dolan was the presiding Judge in plaintiff's revocation proceedings.

As noted above, plaintiff's current criminal case in Mississippi County Court is *State v. Gillespie*, No. 20MI-CR00009-01 (33rd Judicial Cir., Mississippi County Court). He is represented by counsel in that matter. Although plaintiff complains about his lack of bond, he is being held by the Department of Corrections on other charges, for a total term of imprisonment of seven (7) years. Thus, he is ineligible for bond in his current criminal action.

Upon review of the docket in *State v. Gillespie*, No. 20MI-CR00009-01, the Court notes that plaintiff's counsel filed a motion for change of judge on April 26, 2022, asserting that plaintiff had filed the instant lawsuit against defendant. A new judge was assigned to plaintiff's criminal action on May 3, 2022.

Plaintiff seeks damages in this lawsuit.

## Discussion

The complaint as brought by plaintiff is subject to dismissal pursuant to 28 U.S.C. § 1983. Because a judicial officer, exercising the authority in which he is vested, should be free to act upon

---

[1] An amended information was filed on August 11, 2020, which changes the distribution location to "within 1000 feet of a park." The amended information alleges plaintiff distributed heroin to an individual known as T.T.

4

their own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity from § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). *See also Justice Network, Inc.*, 931 F.3d at 760 (stating "that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge").

Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. In the context of judicial immunity, however, the scope of the judge's jurisdiction is construed broadly. *Justice Network, Inc.*, 931 F.3d at 762. "[A]n action – taken in the very aid of the judge's jurisdiction over a matter before him – cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13.

5

Plaintiff has not indicated that Judge David Andrew Dolan acted outside his jurisdiction in plaintiff's criminal matters in state court. Thus, this Court cannot find that plaintiff's allegations against him are able to sustain an action pursuant to 42 U.S.C. § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that within twenty-one (21) days of the date of this Order plaintiff shall pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of May, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE